**No. 26-11349**

# UNITED STATES CIRCUIT COURT
# FOR THE ELEVENTH CIRCUIT

HUNTINGTON NATIONAL BANK,

*Plaintiff-Appellee,*

v.

M/Y SOMETHING ABOUT MERI, et al.,

*Defendant-Appellee*

v.

DANIELLE MORRON

*Non-Party-Appellant*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:25-CV-61018-WPD

## APPELLEE'S RESPONSE TO APPELLANT'S CIVIL APPEAL STATEMENT

Serena Angelette Witter
Nicholas J. Zeher
Robert Allen Law
1441 Brickell Ave., Suite 1400
Miami, FL 33131-3426
305-372-3300
*Attorneys for Appellee*

## RESPONSE TO CIVIL APPEAL STATEMENT

Pursuant to 11th Cir. R. 33-1(a)(1), Plaintiff-Appellee The Huntington National Bank ("Huntington") responds to the Civil Appeal Statement ("Appellant's Statement," 11th Cir. Doc. 11) filed by Appellant Danielle Morron ("Morron").[1] Appellant's Statement does not include the relevant information parties typically provide through the Court's Civil Appeal Statement form ("Proposed Form"). 11th Cir. R. 33-1(a)(4). While Morron was not required to file her Civil Appeal Statement as a *pro se* litigant, 11th Cir. R. 33-1(a)(3), Huntington has completed the Proposed Form (attached as Exhibit A) to assist the Court in evaluating Morron's appeal.

Appellant's Statement claims that the Court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(3) because the "order appealed from (D.E. 293) determined that Movant Appellant's salvage services were not voluntary under maritime salvage law and denied recognition of her asserted maritime salvage lien, thereby resolving her claimed entitlement to a lien and associated rights in the res." Appellant's Statement, p. 2. Morron is incorrect for two reasons.

## I. This Court cannot directly review a Magistrate Judge's interlocutory order.

"The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *United States v. Schultz*, 565 F.3d 1353, 1359

---

[1] Morron filed two Civil Appeal Statements. *Compare* Doc. 9, Doc. 11. To avoid confusion, Huntington only responds to the modified Civil Appeal Statement filed on May 8, 2026, *i.e.*, Doc. 11.

(11th Cir. 2009) (citation omitted). After the district court dismissed her from the case, Morron nevertheless moved for authorization to have her salvage lien credited at the interlocutory sale for the vessel ("Vessel"). (Doc. 253.) Magistrate Judge Hunt issued an order ("Order") denying her motion. (Doc. 293.) The District Judge never adopted that Order from which Morron now appeals. This Court therefore lacks jurisdiction over her appeal.

## II. Morron never appealed the District Court's order dismissing her from the case.

Morron asserts her appeal is timely because she appealed the April 17 Order on April 21. Yet the Court determined Morron's alleged interest in the Vessel and dismissed her as a party on January 27 when the Court adopted the Magistrate Judge's R&R recommending that "Morron should be dismissed from this case pursuant to Fed. R. Civ. P. 24 for failure to establish a viable claim to the vessel[.]" (Doc. 226, adopted by Doc. 245.)[2] Morron did not appeal that decision, and her April 21 appeal was filed more than 30 days after the Court determined that she lacked a cognizable interest in the Vessel.[3]

---

[2] The Magistrate Judge expressly noted that "[g]iven Morron's continuously changing interest claims…it would be nigh impossible for her to" assert a valid interest in the Vessel. (Doc. 226.)

[3] Unless the Court dismisses the appeal *sua sponte*, *see, e.g.*, *United States v. Huss*, 2025 U.S. App. LEXIS 13096 (11th Cir. May 29, 2025) (dismissing *pro se* litigant's appeal from magistrate judge's interlocutory order *sua sponte*), Huntington intends to file a Motion to Dismiss more fully addressing these issues.

Dated: <u>May 18, 2026</u>

Respectfully submitted,

/s/ *Serena A. Witter*

Serena Angelette Witter
Florida Bar No. 45216
Robert Allen Law
1441 Brickell Ave., Suite 1400
Miami, FL 33131
Tel. (305) 372-3300
Email switter@robertallenlaw.com
      litigation@robertallenlaw.com


*-and-*


Nicholas J. Zeher
Florida Bar No. 1003565
Robert Allen Law
1441 Brickell Ave., Suite 1400
Miami, FL 33131
(305) 372-3300
Email nzeher@robertallenlaw.com
(*Admission to this Court pending*)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Appellee's Response to Appellants' Civil Appeal Statement was filed with the Clerk of Court using the CM/ECF system this 18th day of May, 2026, which will serve a copy on all counsel and parties of record.

/s/ *Serena A. Witter*
Serena Angelette Witter
Florida Bar No. 45216