**No. 26-11349**

**UNITED STATES CIRCUIT COURT**
**FOR THE ELEVENTH CIRCUIT**

---

HUNTINGTON NATIONAL BANK,

*Plaintiff-Appellee*,

v.

M/Y SOMETHING ABOUT MERI, et al.,

*Defendant-Appellee*

v.

DANIELLE MORRON

*Non-Party-Appellant*

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:25-CV-61018-WPD

---

# APPELLEE'S RESPONSE TO THE COURT'S JURISDICTIONAL QUESTIONS

Serena A. Witter
Nicholas J. Zeher
Robert Allen Law
1441 Brickell Ave., Suite 1400
Miami, FL 33131-3426
305-372-3300
*Attorneys for Appellee*

## TABLE OF CONTENTS

INTRODUCTION ..... 1
ARGUMENT ..... 2
I. This Court lacks jurisdiction. ..... 2
A. The unadopted Magistrate's Order is not a decision of the district court or a judge thereof. ..... 2
B. The jurisdictional/claim processing distinction does not change the result. ..... 5
II. Morron lacks standing to appeal. ..... 6
A. Morron has no "personal stake" in the outcome of the appeal. ..... 8
B. The equities weigh against hearing Morron's appeal. ..... 9
CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Douse v. Neal Cmtys. of Sw. Fla., Inc.*,
2022 U.S. App. LEXIS 19541 (11th Cir. July 15, 2022) .................................... 4

*Eger v. United States*,
405 F. Supp. 3d 850 (N.D. Cal. 2019) .................................... 7

*Finn v. Cobb Cnty. Bd. of Elections & Registrations*,
111 F.4th 1312 (11th Cir. 2024) .................................... 6, 7, 8, 9

*Fort Bend Cty. v. Davis*,
587 U.S. 541 (2019) .................................... 2, 3

*Hruska v. On the Edge Dockside LLC*,
2022 U.S. App. LEXIS 11696 (11th Cir. Apr. 29, 2022)
(unpublished) .................................... 4

*Kimberly Regenesis, LLC v. Lee County*,
64 F.4th 1253 (11th Cir. 2023) .................................... 7, 10

*Marino v. Ortiz*,
484 U.S. 301 (1988) .................................... 6, 9

*Mathews v. Weber*,
423 U.S. 261 (1976) .................................... 3

*O'Neal v. American Shaman Franchise Systems, Inc.*,
166 F.4th 1274 (11th Cir. 2026) .................................... 5, 6

*Riley v. Bondi*,
145 S. Ct. 2190 (2025) .................................... 5

*Thomas v. Arn*,
474 U.S. 140 (1985) .................................... 3

*United States v. Elsoffer*,
644 F.2d 357 (5th Cir. 1981) .................................... 3

*United States v. MacDonald*,
435 U.S. 850 (1978) .................................... 4

*United States v. Mers*,
701 F.2d 1321 (11th Cir. 1983) .................................... 3

*United States v. Raddatz*,
447 U.S. 667 (1980) ........ 3

*United States v. US Stem Cell Clinic, LLC*,
987 F.3d 1021 (11th Cir. 2021) ........ 9

*Wolff v. Cash 4 Titles*,
351 F.3d 1348 (11th Cir. 2003) ........ 6, 8

**Statutes**

28 U.S.C. § 636(b)(1)(A) ........ 2, 4

28 U.S.C. § 1292(a)(3) ........ 2, 3, 4

**Other Authorities**

Fed. R. Civ. P. 24 ........ 1

Rule 72(a) ........ 6

## INTRODUCTION

By its order dated June 8, 2026 (CA Doc. 20-1),[1] the Court directed the parties to address: (1) whether this Court has jurisdiction to review the magistrate judge's April 17, 2026 Order (the "Magistrate's Order," Doc. 293); and (2) whether Movant-Appellant Danielle Morron ("Morron") has standing to appeal the Magistrate's Order. The answer to each question is no.

On October 6, 2025, the district court approved the magistrate judge's September 10, 2025 report and recommendation ("R&R") (Doc. 137) thereby allowing Morron to intervene. (Doc. 142.) By January 27, 2026, the magistrate judge concluded that "Morron should be dismissed from this case pursuant to Fed. R. Civ. P. 24 for failure to establish a viable claim to the vessel" and issued an R&R to that effect. (Doc. 226.) On January 27, 2026, the district court approved that R&R, dismissing Morron from the case (the "Dismissal Order"). (Doc. 245.)[2] Morron did not appeal the Dismissal Order.

No longer a party, on February 3, 2026, Morron filed a Motion for Authorization to Credit Bid Salvage Lien ("Motion to Credit Bid") seeking to reassert her salvage lien (*i.e.*, the salvage lien the district court had just held that she

[1] "Doc. __, at __" refers to district-court document and page numbers, respectively. "Mot.__" refers to Morron's stay motion. "CA Doc. __, at __" otherwise refers to this Court's docket and page numbers.

[2] District Judge Dimitrouleas issued an amended order as to Doc. 245 on February 3, 2026. (Doc. 255 at p.1, n.1.)

failed to establish) at the then-upcoming April 21, 2026 interlocutory sale of the vessel. (Doc. 253.) On April 17, 2026, the magistrate judge issued the Magistrate's Order denying the Motion to Credit Bid from which Morron now appeals. (Doc. 293.) Morron never filed an objection, and the district court never adopted the Magistrate's Order. (Doc. 297.)

Both because the Magistrate's Order is not appealable and because Morron lacks standing to appeal as a nonparty, this appeal should be dismissed.

## ARGUMENT

### I. This Court lacks jurisdiction.

The Court asks the parties to consider the interplay of 28 U.S.C. § 636(b)(1)(A) and developing caselaw comparing jurisdictional statutes to nonjurisdictional claim-processing rules. Huntington addresses that issue below, but because the lack of jurisdiction under 28 U.S.C. § 1292(a)(3) is dispositive, the Court need not reach the issue of Morron's failure to object to the Magistrate's Order at this juncture.

#### A. The unadopted Magistrate's Order is not a decision of the district court or a judge thereof.

In *Fort Bend Cty. v. Davis*, 587 U.S. 541 (2019) the Supreme Court considered the difference between a jurisdictional statute such as the federal-question jurisdiction statute and a claims processing rule such as the Title VII charge-filing requirement, and held that while the charge-filing requirement was relevant, it was

not a requirement relevant to jurisdiction. *Id.* at 550-51. Here, however, this Court's jurisdiction is governed by 28 U.S.C. § 1292(a)(3) and as a result, the Court lacks jurisdiction.

28 U.S.C. § 1292(a)(3) provides, in relevant part, that this Court "shall have jurisdiction of appeals from" "Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." Simply put, while Morron's failure to object to the Magistrate's Order is relevant to waiver, it is the fact that the district court never adopted the Magistrate's Order, not that she failed to object, that is paramount to the absence of jurisdiction.

First, without adoption by the district court, the Magistrate's Order was not an interlocutory decree of the district court over which this Court has jurisdiction under 28 U.S.C. § 1292(a)(3). *United States v. Mers*, 701 F.2d 1321, 1337-38 (11th Cir. 1983). Under the Federal Magistrates Act, Article III district judges exercise the "ultimate authority to issue an appropriate order[,]" *Thomas v. Arn*, 474 U.S. 140, 153 (1985) (quoting *United States v. Raddatz*, 447 U.S. 667, 681 (1980) and Sen. Rep. No. 94-625, p. 3 (1976)), while "[t]he magistrate may do no more than propose a recommendation . . . The authority and the responsibility to make an informed, final determination, we emphasize, remains with the judge." *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (quoting *Mathews v. Weber*, 423 U.S.

261, 270-71 (1976)). *See also United States v. MacDonald*, 435 U.S. 850, 853 (1978); *Hruska v. On the Edge Dockside LLC*, 2022 U.S. App. LEXIS 11696 (11th Cir. Apr. 29, 2022) (unpublished) (dismissing for lack of jurisdiction where no order of the district court appeared in the record); *accord Douse v. Neal Cmtys. of Sw. Fla., Inc.*, 2022 U.S. App. LEXIS 19541, at *5–6 (11th Cir. July 15, 2022).

Second, although the Magistrate Judge issued his Order pursuant to 28 U.S.C. § 636(b)(1)(A), which allows the Magistrate Judge to "determine" a pretrial matter, he is not, strictly speaking a "judge of the district court" in the sense that term is used under federal law and § 1292(a)(3). Like §1292(a)(3), § 636(b)(1)(A) distinguishes between a "judge of the court" and a "magistrate judge." For instance, "[a] ***judge of the court*** may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the ***<u>magistrate judge</u>'s order*** is clearly erroneous or contrary to law." *Id.* (emphasis added). Section 1292(a)(3) uses identical language to describe which judicial officers can issue appealable interlocutory admiralty decrees, and only district judges are mentioned, not magistrate judges. 28 U.S.C. § 1292(a)(3).

Because the Magistrate's Order is not an interlocutory order of the district court or a district judge, this appeal should be dismissed.

### B. The jurisdictional/claim processing distinction does not change the result.

The issue encompassed within the first jurisdictional question is whether this Court lacks jurisdiction or whether Morron's obligation to object to the Magistrate's Order is a "nonjurisdictional claim-processing rule" that does not impact this Court's jurisdiction. Huntington is aware of this Court's recent decision in *O'Neal v. American Shaman Franchise Systems, Inc.*, where the Court limited its prior holding in *U.S. v. Renfro* to the criminal context and said that a "failure to object [i]s a non-jurisdictional waiver problem[.]" 166 F.4th 1274, 1281-82 (11th Cir. 2026)).

However, even if the Court concludes that the Magistrate's Order is an appealable decree from the district court and that Morron's failure to object is "a non-jurisdictional waiver problem," the outcome is the same. A claim-processing rule is enforced when an appellee timely invokes it, and it is forfeited only when the appellee fails to press it. *See Riley v. Bondi*, 145 S. Ct. 2190, 2202 (2025) (late petition allowed to proceed only because the Government "d[id] not wish to press" the deadline).

Here Huntington preserved that defect and pressed it at the first opportunity. Morron never sought district-court review of the Magistrate's Order, and Huntington raised that failure in its first appellate filing and renews it now.

Nor does *O'Neal* support review on the merits. *O'Neal* arose from a final judgment into which a magistrate judge's order had been adopted; the question was

whether that ruling merged into the judgment for review. 166 F.4th at 1277-78. Here there is no district-court judgment or order at all, so the threshold defect is the absence of an appealable district-court decision; in other words, a problem *O'Neal* had no occasion to address. An argument on appeal that a litigant preserved an error by objecting to the magistrate judge's order, or that the district judge improperly applied Rule 72(a), presupposes an appealable district-court disposition that never occurred here.

Under either characterization, the appeal must be dismissed.

## II. Morron lacks standing to appeal.

The Court's second question, which provides an independent and equally sufficient basis for dismissal, asks whether Morron, as a non-party, has standing to appeal.[3] She does not.

"[O]nly parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *Finn v. Cobb Cnty. Bd. of Elections & Registrations*, 111 F.4th 1312, 1316 (11th Cir. 2024) (quoting *Marino v. Ortiz*, 484 U.S. 301, 304 (1988)). A litigant "must establish [her] standing not only to bring claims, but also

[3] As detailed in the Introduction, the district court allowed Morron to intervene on October 6, 2025 (Doc. 137; Doc. 142), but dismissed her on January 27, 2026, for failing to provide sufficient evidence of her interest in the vessel. (Doc. 226; Doc. 245; Doc. 255.) Thus, by the time Magistrate Judge Hunt issued the Magistrate's Order, Morron had been a non-party for nearly three (3) months.

to appeal judgments," and "[o]nly a litigant who is aggrieved by the judgment or order may appeal." *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353–54 (11th Cir. 2003).

Morron satisfies neither, so her only conceivable path around the party-status rule is the suggestion in *Kimberly Regenesis, LLC v. Lee County*, 64 F.4th 1253 (11th Cir. 2023), that a "nonparty may sometimes appeal when he has participated before the district court[.]" *Finn*, 111 F.4th at 1318 (citing *Kimberly Regenesis*, 64 F.4th at 1256)). *Finn*, however, already recognized that exception as dicta. *Id.* Rather, the "statements [in *Kimberly Regenesis*] about the possibility of an exception that might allow a nonparty who participated to appeal were not necessary to the result *Kimberly Regenesis* reached, which was that the nonparty who did not participate could not appeal. That was the actual holding of the case." *Finn*, 111 F.4th at 1318.[4]

In *Finn*, several plaintiffs brought § 1983 claims against Cobb County's Board of Elections and Registrations and its then-director for unconstitutional gerrymandering, and the district court allowed the Cobb County School District to intervene as a defendant to establish its nonliability for the alleged constitutional violations. *Id.* at 1314. The court granted the school district's motion for judgment

[4] It would be an "inverse error" to conclude from *Kimberly Regenesis* that a nonparty who *did* participate *could* appeal simply because the court's holding was that a nonparty who did *not* participate could *not* appeal. *See Eger v. United States*, 405 F. Supp. 3d 850, 860 n.7 (N.D. Cal. 2019).

on the pleadings and dismissed it from the case. *Id.* at 1314-15. But when the remaining parties entered a stipulated settlement that included a preliminary injunction and the district court granted it, the school district appealed the preliminary injunction. *Id.*

Although *Finn* declined to decide whether to adopt *Kimberly Regenesis*'s dicta exception for non-party appeals, it noted that its sister circuits generally focus on whether (1) the nonparty actually participated in the "particular stage of the district court proceedings that is challenged on appeal," (2) whether the nonparty has a "personal stake in the outcome", and (3) whether the equities weigh in favor of hearing the appeal. *Id.* at 1318 (citations omitted).

Were the Court to decide to analyze these elements, Morron fails elements two and three and therefore lacks standing to appeal. Alternatively, Morron was not "aggrieved" by the Magistrate's Order for the same reason that she lacks a "personal stake" in the outcome of the appeal.

**A. Morron has no "personal stake" in the outcome of the appeal.**

This element maps onto whether Morron was "aggrieved by the judgment or order" appealed" under *Wolff*. 351 F.3d at 1354.

First, as set forth above, the Magistrate's Order could not have aggrieved Morron because it was a magistrate judge's nonbinding disposition of her Motion to Credit Bid (Doc. 253), not the court's official disposition of that motion. (Doc. 293.)

Even on its own terms, the Magistrate's Order had no effect on her legal rights. That alone deprives her of nonparty standing.

Second, the district court's earlier dismissal of Morron had already determined that she holds no cognizable interest in the vessel. (*See* Doc. 245 adopting Doc. 226.) The Magistrate's Order did no more than acknowledge that Morron, a dismissed non-party, could not use her already-denied salvage lien as credit to bid at the upcoming interlocutory sale. It did not—nor could it have—adjudicate her right to a salvage lien in the first instance because the Court had already decided that issue on January 27, 2026. (*Id.*) Any injury Morron could claim traces to the Court's January 27 Dismissal Order, which she chose not to appeal, not to the Magistrate's Order.

**B. The equities weigh against hearing Morron's appeal.**

Morron's Motion to Credit Bid simply attempted to relitigate her dismissed salvage lien. Before seeking direct review of her right to salvage lien in this Court, she could have (1) objected to the R&R recommending her dismissal, (2) filed a motion for reconsideration of the district judge's order of dismissal, (3) filed a timely appeal to this Court within 30 days after her dismissal, or (4) sought leave to intervene for the purpose of appealing. *Finn*, 111 F.4th at 1319 (quoting *Marino v. Ortiz*, 484 U.S. 301, 304 (1988)) ("[W]hen a nonparty has an interest that is affected by a district court judgment, the 'better practice' is for such a nonparty to seek

intervention for purposes of appeal."). Had the district court (rightly) denied *that* motion, she would have been able to appeal the denial here, s*ee United States v. US Stem Cell Clinic, LLC*, 987 F.3d 1021, 1024 (11th Cir. 2021), but she did not take that option either. She could have employed any or all of those options. Instead, she pretended she had not been dismissed and filed her Motion to Credit Bid on the salvage lien anyways. (Doc. 253.) The equities therefore weigh against affording Morron nonparty standing because she ignored the ample procedural vehicles already available to her.

Accordingly, the Court need not evaluate the *Kimberly Regenesis* elements for nonparty standing because they were only suggested as dicta, but even if the Court does so, Morron fails elements two and three, and therefore lacks standing to appeal.

## CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction over the appeal. The Order is not an appealable order of the district court, and Morron lacks standing to appeal it. As such, the appeal should be dismissed accordingly.

Dated: June 22, 2026

Respectfully Submitted,

*/s/ Serena Witter*

Serena A. Witter, Esq.
Florida Bar No. 45216
Robert Allen Law
1441 Brickell Ave., Suite 1400
Miami, FL 33131
Tel. (305) 372-3300
Email switter@robertallenlaw.com
litigation@robertallenlaw.com

*-and-*

Nicholas J. Zeher
Florida Bar No. 1003565
Robert Allen Law
1441 Brickell Ave., Suite 1400
Miami, FL 33131
(305) 372-3300
Email nzeher@robertallenlaw.com

(*Admission to this Court pending*)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Appellee's Response to Jurisdictional Questions* was filed with the Clerk of Court using the CM/ECF system this 22nd day of June 2026, which will serve a copy on all parties and counsel of record.

*/s/ Serena Witter*
Serena A. Witter, Esq.